UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MONICA BROWN-HALL,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant.
______________________________________)

## COMPLAINT

The Plaintiff, MONICA BROWN-HALL ("BROWN-HALL"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. BROWN-HALL brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. BROWN-HALL was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BROWN-HALL by METLIFE.

6. BROWN-HALL was at all times material an employee of Kaiser Foundation Health Plan, Inc.

7. BROWN-HALL was at all times material a plan participant under the Kaiser Foundation Health Plan, Inc. Long Term Disability Plan, Group Policy Number 95910-1-G (the "LTD Plan"), issued by METLIFE to Kaiser Foundation Health Plan, Inc. and pursuant to which BROWN-HALL is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, BROWN-HALL is entitled to LTD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Disability** or **Disabled** means that as a result of Sickness or injury You are either Totally Disabled or Partially Disabled.
>
> **Totally Disabled** or **Total Disability** means:
>
> During the Elimination Period and the next 24 months, You are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation in the usual and customary way.
>
> After such period, You are not able to engage with reasonable continuity in any occupation in which You could reasonably be expected to perform satisfactorily in light of Your:
>
> - age;
> - education;
> - training;
> - experience;
> - station in life; and
> - physical and mental capacity
>
> that exists within any of the following locations:
>
> - a reasonable distance or travel time from Your residence in light of the commuting practices of Your community;
> - a distance of travel time equivalent to the distance or travel time You traveled to work before becoming disabled; or
> - the regional labor market, if You reside or resided prior to becoming disabled in a metropolitan area.
>
> **Partially Disabled** or **Partial Disability** means while actually working in an occupation, You are unable to earn 80% or more of Your Predisability Earnings.
>
> If You are Partially Disabled and have received a Monthly Benefit for 12 months, We will adjust Your Predisability Earnings only for the purposes of determining whether You continue to be Partially Disabled and for calculating the Return to Work Incentive, if any. We will make the initial adjustment as follows:
>
> We will add to Your Predisability Earnings an amount equal to the product of:
>
> - Your Predisability Earnings times
> - the annual rate of increase in the Consumer Price Index for the prior calendar year.
>
> Annually thereafter, We will add an amount to Your adjusted Predisability Earnings calculated by the method set forth above but substituting Your adjusted Predisability Earnings from the prior year for Your Predisability Earnings. **This adjustment is not a cost of living benefit.**
>
> For purposes of determining whether a Disability is the direct result of an injury, the Disability must have occurred within 90 days of the injury and not as a result of Sickness.
>
> If Your occupation requires a license, the fact that You lose Your license for any reason will not, in itself, constitute Disability.

13. Since approximately December 26, 2014, BROWN-HALL has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, BROWN-HALL made a claim to METLIFE under the LTD Plan for disability benefits.

15. By letter dated June 19, 2015, METLIFE denied BROWN-HALL's claim for LTD benefits, contending that BROWN-HALL did not qualify for disability benefits.

16. BROWN-HALL timely and properly submitted an appeal of METLIFE's June 19, 2015 denial letter.

17. By letter dated June 7, 2016, METLIFE affirmed its previous decisions to deny BROWN-HALL's LTD claim for disability benefits and informed BROWN-HALL that her administrative remedies had been exhausted.

18. At all relevant times, BROWN-HALL complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, as a result of sickness or injury, BROWN-HALL has been unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue her Usual Occupation in the usual and customary way.

20. At all relevant times, as a result of sickness or injury, BROWN-HALL has been not able to engage with reasonably continuity in any occupation in which she could reasonably be expected to perform satisfactorily in light of her: age; education; training; experience; station in life; and physical and mental capacity, and that exists in the locations as required by the policy.

21. At all relevant times, as a result of sickness or injury, BROWN-HALL has been unable to earn 80% or more of her Predisability Earnings in an occupation.

22. At all relevant times, BROWN-HALL was a Covered Person under the LTD Plan.

23. From the time of her disability through the present date, BROWN-HALL has not received benefits owed to her under the LTD Plan, despite BROWN-HALL's right to these benefits.

24. METLIFE has refused to pay BROWN-HALL's LTD benefits.

25. At all relevant times, METLIFE was the payer of benefits.

26. At all relevant times, METLIFE was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, METLIFE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

28. At all relevant times, BROWN-HALL has been and remains Disabled and entitled to LTD benefits from METLIFE under the terms of the LTD Plan.

29. BROWN-HALL has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. BROWN-HALL incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), BROWN-HALL, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. BROWN-HALL has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

34. BROWN-HALL has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to BROWN-HALL at a time when METLIFE knew, or should have known, that BROWN-HALL was entitled to those benefits under the terms of the LTD Plan, as BROWN-HALL was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of BROWN-HALL's claim for LTD benefits;

(c) After BROWN-HALL's claim was terminated in whole or in part, METLIFE failed to adequately describe to BROWN-HALL any additional material or information necessary for BROWN-HALL to perfect her claim, along with an explanation of why such material is or was necessary.

(d) METLIFE failed to properly and adequately investigate the merits of BROWN-HALL's disability claim and failed to provide a full and fair review of BROWN-HALL's claim.

36. BROWN-HALL believes and thereon alleges that METLIFE wrongfully terminated her

claim for disability benefits under the LTD Plan by other acts or omissions of which BROWN-HALL is presently unaware, but which may be discovered in this future litigation and which BROWN-HALL will immediately make METLIFE aware of once said acts or omissions are discovered by BROWN-HALL.

37. Following the termination of benefits under the LTD Plan, BROWN-HALL exhausted all administrative remedies required under ERISA, and BROWN-HALL has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of METLIFE, BROWN-HALL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding BROWN-HALL's claim for benefits, BROWN-HALL, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BROWN-HALL is entitled to have such fees and costs paid by METLIFE.

40. The wrongful conduct of METLIFE has created uncertainty where none should exist; therefore, BROWN-HALL is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, MONICA BROWN-HALL prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability,

and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: March 22, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com